USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/22/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BORECKI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RAYMOURS FURNITURE COMPANY, INC., d/b/a RAYMOUR & FLANIGAN,<br><br>　　　　　　　Defendant. | NO. 1:17-cv-01188-LAK-SN<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

　　　　Plaintiff Scott Borecki on behalf of himself and a proposed Class ("Plaintiff") and Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan ("Raymours") (Plaintiff and Raymours together constitute the "Parties") have entered into a Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for a settlement of this case (the "Settlement").

　　　　Plaintiff has moved for, and Raymours has indicated that it does not oppose entry of this order, which (a) conditionally certifies the Settlement Class (as defined below) for settlement purposes only; (b) appoints the Settlement Administrator; (c) provides for notice of the Settlement to Settlement Class Members in accordance with the terms of the Settlement Agreement; (d) establishes procedures for objecting to, and opting out of, the proposed Settlement; and (e) sets a date for hearing to finally approve the settlement ("Final Approval Hearing").

　　　　The Court has considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the

absence of any evidence of collusion between the Parties, and the experience of Class Counsel and is preliminarily satisfied that the Settlement Agreement is fair, reasonable and adequate. The Court also is satisfied that the plan for sending notice of the Settlement to the Class is adequate, sufficiently informs Settlement Class Members of the Settlement's terms and of the conditional certification of the Class, and satisfies the requirements set forth in Federal Rule of Civil Procedure 23 and due process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified the Settlement Class, as defined below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. The Parties have agreed to and the Court provisionally certifies the following "Settlement Class" for purposes of settlement:

> All persons in the United States who between February 2, 2016 and March 22, 2017, received a Text Message (as defined in the Settlement Agreement) from Defendant or any third party acting on behalf of Defendant, and for whom Plaintiff has alleged Defendant did not have prior express written consent to send Text Messages. The Settlement Class is defined to include all persons who could claim to have suffered any injury or could assert any claims as a result of the sending or receipt of Text Messages to the mobile telephone numbers listed on Exhibit 7 to the Settlement Agreement between February 2, 2016 and March 22, 2017.

4. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting memorandum, declarations of counsel, argument of counsel, and the entire record, the Court finds that conditional certification of the class for

settlement purposes only is appropriate under Federal Rule of Civil Procedure 23 because the Settlement Class is so numerous that joinder would be impracticable, the Action presents common issues of law and fact that predominate over any individual questions, the Named Plaintiff's claims are typical of the Settlement Class Members' claims, and the Named Plaintiff and its counsel are adequate representatives of the Settlement Class.

5. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting memorandum, declarations of counsel, argument of counsel, and the entire record, the Court finds that the Settlement is fair, reasonable, and adequate. Plaintiff's motion to preliminarily approve the Settlement and certify the Settlement Class is granted. The Court appoints Scott Borecki as Class Representative and Fitapelli & Schaffer and Terrell Marshall Law Group PLLC as Class Counsel.

6. The Court appoints Rust Consulting as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

7. The Court has reviewed the declaration that the Settlement Administrator filed with the Court attaching the "Notice of Class Action Settlement Pursuant to 28 U.S.C. § 1715" that the Settlement Administrator served upon the various state attorneys general on September 21, 2018 and finds that the notice has been timely served upon the appropriate officials and adequately satisfies that statute's requirements.

8. The Settlement Administrator shall mail the Postcard Notice in the manner described in section 7.2 of the Settlement Agreement. The Postcard Notice will be in

substantially the form of Exhibit 2 of the Settlement Agreement. Non-substantive changes may be made to the Postcard Notice by agreement of the Parties without further order of the Court.

9. The Court finds that the method of providing notice to Settlement Class Members specified in section 7 of the Settlement Agreement and the manner of providing for exclusion requests and objections to the Settlement specified in sections 7.4 and 7.5 are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

10. The Court directs the Settlement Administrator to file with the Court no later than June 26, 2019, a sworn declaration containing the information set forth in section 7.6.2 of the Settlement Agreement. This information includes (a) confirmation that the Postcard Notice was mailed to Settlement Class Members as section 7.2 requires and (b) an accurate list of persons who opted out of the Settlement Class pursuant to section 7.4.2.

11. If the Effective Date does not occur, the Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement, including but not limited to, certification of the Settlement Class will be automatically void, vacated, and treated as if never filed.

12. The Court will hold a Final Approval Hearing on September 10, 2019, at 10:00 am in Thurgood Marshall Courthouse, Courtroom 219, 40 Foley Square, New York, New York 10007 to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable, and adequate, and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; to consider the application

for attorneys' fees and expenses of Class Counsel; to consider the application for service awards to the Class Representative; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in accordance with the Agreement that will adjudicate the rights of Settlement Class Members.

13. Any interested person who has not opted out of the Class may appear at the Final Approval Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the Settlement unless that person has filed with the Court a written objection and any supporting papers or briefs on or before June 12, 2019. Pursuant to the Court's Procedural Guidelines for Class Action Settlements, the Court will scan all objections into the electronic case docket and the parties will receive electronic notices of filing. The Court will consider all properly submitted objections. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to conditional class certification of the Settlement, to the fairness, adequacy or reasonableness of the Settlement, and to any attorneys' fees, cost reimbursements, or Service Award to the named Plaintiff approved by the Court.

14. All memoranda, declarations, responses to objections, and other evidence in support of the request for final approval of the Settlement, and approval of attorneys' fees, litigation costs, and a Service Award shall be filed on or before August 6, 2019.

15. All proceedings in this Action other than those that are necessary to carry out, or incidental to carrying out, the terms and conditions of this Order are stayed and suspended until

further order of the Court.

16.     Pending entry of the Final Approval Order and Judgment, the Named Plaintiff, Settlement Class Members, and any person or entity allegedly acting on behalf of the Settlement Class, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order and the Settlement Agreement. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

17.     The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

18.     The Court preliminarily approves the designation of the Center for Democracy & Technology and the National Consumer Law Center as two recipients for an equal split of any *cy pres* funds.

19.     The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
|---|---|
| March 24, 2019 | Deadline to mail notice |
| June 12, 2019 | Deadline for Settlement Class Members to submit claims, exclusion requests, and objections |
| August 6, 2019 | Deadline to file responses to objections, motion for final approval, attorneys' fees, costs, and service awards, and declaration from Settlement Administrator |
| September 10, 2019, at 10:00 am | Final Approval Hearing |

**SO ORDERED**.

_____
SARAH NETBURN
United States Magistrate Judge

February 22, 2019
New York, New York