USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BORECKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOURS FURNITURE COMPANY, INC., d/b/a RAYMOUR & FLANIGAN,<br><br>Defendant. | NO. 1:17-cv-01188-LAK-SN<br><br>**FINAL APPROVAL ORDER** |

This matter came before the Court upon consideration of Plaintiff's Motion for Final Approval of Class Action Settlement, Class Counsel's Fee and Cost Award, Class Representative's Service Award, and Settlement Administrator's Fees and Costs ("Motion for Final Approval" or "Motion"). After considering the Motion and the declarations and exhibits submitted with the Motion, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class.

It is **HEREBY ORDERED** that the motion is **GRANTED**, the Settlement Class is certified, and the Settlement Agreement is approved.

**WHEREAS**, on or about September 13, 2018, the Parties filed the Settlement Agreement (Docket No. 57-4) ("Settlement Agreement" or "Agreement") which sets forth the terms and conditions of the Settlement and release of certain claims (*i.e.*, the Released Claims) against Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan ("Raymours") and all other Released Parties ("Settlement");

**WHEREAS**, Plaintiff and Class Counsel have filed a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees and costs, and a service award to the Plaintiff;

**WHEREAS**, the Court preliminarily approved the Settlement on February 22, 2019, and Notice was given to Settlement Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, and has held a hearing after Class Notice to the Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on September 10, 2019, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the Parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is certified as follows:

> All persons in the United States who between February 2, 2016 and March 22, 2017, received a Text Message (as defined in the Settlement Agreement) from Defendant or any third party acting on behalf of Defendant, and for whom Plaintiff has alleged Defendant did not have prior express written consent to send Text Messages. The Settlement Class is defined to include all persons who could claim to have suffered any injury or could assert any claims as a result of the sending or receipt of Text Messages to the mobile telephone numbers listed on Exhibit 7 to the Settlement Agreement between February 2, 2016 and March 22, 2017.

4. For purposes of settlement, the Court appoints Plaintiff "Class Representative."

5. For purposes of settlement, the Court appoints the attorneys at Fitapelli & Schaffer, LLP and Terrell Marshall Law Group PLLC as Class Counsel.

6. If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Agreement.

7. The Court finds that the Class Notice given to members of the Settlement Class pursuant to the terms of the Agreement fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law. Accordingly, the Court makes final the conditional certification set forth in the Preliminary Approval Order.

8. Those who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order. Attached hereto as <u>Exhibit A</u> is a list of all individuals who timely and validly opted out of the Class.

9. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties

dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds that Agreement to be fair, reasonable, and adequate. Beyond facing uncertainty regarding the resolution of those issues by continuing to litigate, Settlement Class Members would also face the challenge of surviving an appeal of any summary judgment or class certification order entered in this action, and any other rulings rendered during trial. Class Counsel have reviewed the Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

10. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Agreement.

11. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12. The Court adjudges that Plaintiff and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13. Plaintiff and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice apprised the Settlement Class Members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Agreement; of the *res judicata* effect

on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; of the right to appear at the Final Approval Hearing and was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such Class Notice. The Class Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to the Settlement, and appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Final Approval Order.

15. Within ten (10) days after the filing of the proposed Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

16. The Court approves payment of attorneys' fees to Class Counsel in the amount of $1,416,666.67 and costs in the amount of $24,756.06. These amounts shall be taken out of the Gross Settlement Payment that is paid by Raymours pursuant to the terms of the Agreement. The

Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Agreement was negotiated at arms' length and without collusion.

17. The Court approves payment of a Service Award to Plaintiff in the amount of $40,000.00. This amount shall be taken out of the Gross Settlement Payment that is paid by Raymours pursuant to the terms of the Agreement.

18. Neither this Final Approval Order nor the Agreement is an admission or concession by Raymours or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Raymours or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

19. Upon the Effective Date, the Class Representative and each Settlement Class Member (with the exception of those who have submitted a timely and valid request to be excluded from the Settlement) will be deemed to have completely released and forever discharged the Released Parties from the Released Claims in accordance with the Agreement.

20. If Final Approval does not occur because this order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo *ex ante*, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

21. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

22. There were zero (0) objections to the Settlement.

23. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and Judgment be entered as a final and appealable order and the case dismissed with prejudice.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order.

IT IS HEREBY ORDERED.

September 10, 2019
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge